IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Anne F. Thompson, | ) | Civil Action No. 6:05-2169-HMH-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| C & C Express, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the plaintiff's motion for default judgment. The plaintiff filed her Complaint on August 1, 2005. The plaintiff subsequently served the defendant with the Summons and Complaint. (*See* Request Entry Default Aff. [Doc. 9]; Service Aff. [Doc. 4].) The defendant, however, has never made any appearance in this case. As a result, the Clerk of Court entered default on July 26, 2006. Thereafter, the plaintiff filed its present motion for default judgment. That motion was referred to the undersigned on July 26, 2006, for a report and recommendation.

On September 8, 2006, a notice of hearing for the motion was sent to the defendant. The Court conducted the hearing on October 24, 2006, but the defendant did not appear. At the hearing, the plaintiff received testimony from the plaintiff and Connie Hall, a claims adjuster for Travelers Insurance Company. As a result of that hearing and other evidence of record, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1.  The plaintiff, Anne F. Thompson, was injured in a work place accident that occurred in August, 2002. (T. 5.)

2.  The plaintiff was struck in the head and neck by a 36 pound box of frozen french fries. (T. 7.)

3.  As a result of the accident, the plaintiff sought medical care from her family doctor, the emergency room at a local hospital, a surgeon, and a physical therapist. (T. 8-12).

4.  The plaintiff underwent surgery in January, 2003, requiring an incision in the front part of her neck, decompression of her spinal cord and nerve roots, and placement of a stabilizing titanium plate and screws in her cervical vertebrae. (T. 10; LeBlond Dep. at 9.)

5.  The stabilizing hardware will remain in the plaintiff's neck for the remainder of her life. (T. at 11.)

6.  As a result of the placement of this stabilizing hardware in the plaintiff's neck, she has a limited range of movement. (T. 11.)

7.  Due to continued pain following her surgical procedure, the plaintiff was referred to a pain management physician, Dr. Robert E. LeBlond. (T. 12; LeBlond Dep. at 12.)

8.  At the time of her referral to Dr. LeBlond, the plaintiff was taking prescription medication for pain, as well as anti-inflammatory medication. (LeBlond Dep. at 13.)

9.  From the time of her accident in August, 2002, through her treatment with Dr. LeBlond, the plaintiff maintained significant complaints of pain in her neck and head region, as well as in her arms. (See T. 8 - 14; LeBlond Dep. at 14-15.)

10. As a result of her workplace accident, the plaintiff has been unable to work

and will not be able to work again.  The plaintiff's treating physician shares this opinion. (T. 17; LeBlond Dep. at 17).

11.     The plaintiff has lost income, as well as an impairment of her ability to work for the remainder of her life.  *Id*.

12.     The plaintiff has sustained physical pain and suffering as a result of this accident.  (T. 8-14.)

13.     The plaintiff has suffered a disfigurement as a result of the scarring from the surgery due to this accident. (LeBlond Dep. at 4 - 8)

14.     The plaintiff's enjoyment of life has been reduced as a result of the accident, including the quality of the interaction with her grandchildren and the extent of consortium with her husband. (T. at 14 - 15.)

15.     The plaintiff has sustained mental anguish, psychological trauma, and a significant alteration of her lifestyle as a result of the accident. (T. 14 - 17.)

16.     The plaintiff was making $600.00 per week in her job prior to this accident. (T. 18.)

17.     The plaintiff received some bonuses as a part of her employment prior to the accident.  Bonuses generally ranged from $50 to $500.  (T. 19.)  The highest bonus the plaintiff ever received was $283.  *Id*.

18.     The plaintiff will require future medical care, which will cost on average $69 per month. (*See* LeBlond Dep.13; T. 22.)

19.     The plaintiff will require future prescriptions to manage her pain and inflammation, which will cost on average $150 per month.  (*See* LeBlond Dep.13; T. 22.)

20.  As a result of the workplace accident, Travelers Insurance Company paid workers' compensation benefits to the plaintiff.

21.  Travelers paid lost time benefits when the plaintiff was out of work, as well as a settlement of her workers' compensation claim. (T. 24.)

22.  Travelers paid the plaintiff lost wages in the amount of $70,574.96. (T. 25).

23.  Travelers also paid Ann Thompson a settlement in the amount of $90,000.00 to resolve her workers' compensation claim. (T. 26.)

24.  Travelers also paid medical benefits on behalf of Ann Thompson to medical providers with whom she sought treatment.

25.  Travelers paid medical benefits in the amount of $39,181.48. (T. 27.)

26.  All of the medical treatment received by the plaintiff was related to her workplace accident. (LeBlond Dep. at 21, Ex. 4.)

27.  All of the treatment the plaintiff received as a result of this workplace accident was reasonable and necessary. (LeBlond Dep. at 22-24.)

## **CONCLUSIONS OF LAW**

As a general rule, a "default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir.1982). Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true. *See* Fed. R. Civ. P. 55(a); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983).

The plaintiff has alleged in this case a claim for negligence. In her Complaint, she

has properly pled all necessary elements of that cause of action under South Carolina law. *See Bishop v. South Carolina Dep't of Mental Health*, 502 S.E.2d 78 (S.C. 1998); *Shipes v. Piggly Wiggly St. Andrews, Inc.*, 238 S.E.2d 167 (S.C. 1977). Likewise, she has properly alleged that the defendant is vicariously liable for the allegedly negligent acts of its employee within the scope of that employee's job duties. The defendant has been served with the summons and complaint as well as notice of the default hearing before this Court but has failed to make any appearance in this case for any purpose. (*See* Request Entry Default Aff. [Doc. 9]; Amend. Notice Hearing Damages, dated Sept. 8, 2006.) Accordingly, the Court accepts the plaintiff's well-pled allegations against the defendant as true and enters judgment against it on the issue of liability.

As to the plaintiff's claim for damages, the Court has reviewed the testimony of the plaintiff, the deposition testimony of Dr. Robert E. LeBlond, and other exhibits of the plaintiff and concludes that the plaintiff is entitled to an award of damages.

A plaintiff may generally recover for injuries resulting from a wrongful act of a defendant. The amount of actual damages is that amount of money that will put the injured person in as near the same position as he would have been had he not been injured. *See Payne v. Holiday Tower, Incorporated*, 321 S.E.2d 179, 183 (S.C. Ct. App. 1984) ('Actual damages' or 'compensatory damages' are damages in satisfaction of, or in recompense for, loss or injury sustained.")

Under South Carolina law, the plaintiff may recover loss of earning power, pain and suffering, and past and future medical expenses, including any future damages resulting from permanent injuries. *See Watson v. Wilkinson Trucking Co.*, 136 S.E.2d 286, 291 (S.C. 1964); *see also Gasque v. Heublein, Incorporated*, 315 S.E. 2d 556 (S.C. Ct. App. 1984) (past and future medical expenses); *Bussey v. Charleston and W.C.R.,Company*, 30 S.E. 477 (1898). A plaintiff may also recover loss of family services and enjoyment of

5

life. <u>Bates v. Merritt Seafood, Incorporated</u>,663 F. Supp. 915 (D.S.C. 1987).  The Court realizes that there is no yardstick by which pain and suffering, emotional damage, and impairment of earning capacity can be measured. Mathematical precision in fixing damages, however, is not demanded.  *See Brooks v. United States*, 273 F.Supp. 619, 629 (D.S.C.1967).

The plaintiff was 58 years old at the time of the hearing (T. 17) and has a future life expectancy of 25.73 years, *see* S.C. Code 19-1-150.  The plaintiff claimed that she intended to work "forever."  (T. 17.)  The Court has no evidence and cannot reasonably assume that the plaintiff will work until the day of her death.  Instead, the Court has reason to believe, based on the plaintiff's age and testimony, that she would have worked at least until she was 65 years old.

The Court finds that the plaintiff is entitled to recover the sum of $135,000.00 in pre-hearing lost wages and $218,400.00 in post-hearing lost wages (based on $600 per week). The Court also finds that the plaintiff likely would have earned roughly $200 in bonuses per year (based on $50 every 3 months).  As a result, the plaintiff is entitled to $800 for pre-hearing lost bonuses and $1,400 for post-hearing lost bonuses.  The plaintiff's entire award for lost earnings, past and future, is, therefore, $355,600.00.

The evidence and testimony demonstrates that the plaintiff should be awarded damages for past medical expenses in the amount of $39,181.48.  (T. 27; Ex. 4 to Pl. Ex. 2.)  The Court believes that the evidence and testimony, in the least, indicate that the plaintiff is entitled to an award for future medical expenses in the amount of $67,671.00 [$21,321.00 for care ($69 per month for 309 months) and $46,350.00 for prescription drugs

($150 per month for 309 months)].  (*See* T. 22.)

The Court also finds that the plaintiff is entitled to an award of damages for past and future pain and suffering and mental anguish, which is supported by the testimony of the plaintiff and medical experts, in the amount of $5000 for the time period from August 2002 until her surgery in January 2003.  The Court finds that the plaintiff should be awarded $2000 for each year between then and the date of this judgment, totalling $8000.  The plaintiff shall also be awarded another $51,460 for future pain and suffering and mental anguish from the time of this judgment ($2000 per year for 25.73 years).  The plaintiff's total award for pain and suffering and mental anguish, therefore, is $64,460.

The evidence and testimony further demonstrates that the plaintiff is entitled to an award of $50,000 for loss of enjoyment of life and consortium with her spouse.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion for default judgment [Doc. 8] be GRANTED, and that the plaintiff be awarded damages in the amount of $576,912.48.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

November 17, 2006
Greenville, South Carolina.

7